**\*E-Filed 11/12/09\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISION,<br><br>　　　　　Plaintiff,<br>　v.<br>VERIFONE HOLDINGS, INC, et al.,<br><br>　　　　　Defendants.<br>_____/ | **No. C 09-04046  RS**<br><br>**ORDER RE STIPULATIONS FOR ENTRY OF JUDGMENT** |

　　　　The parties have submitted stipulations for the entry of judgments against defendants VeriFone Holdings, Inc. and Paul Periolat. Under the judgments, both defendants will be enjoined from committing securities law violations of the nature of the wrongdoing alleged in the complaint, and defendant Periolat will pay a $25,000 fine. The Court previously denied, without prejudice, the request of the National Elevator Industry Pension Fund for leave to file an *amicus curiae* brief herein, objecting to the settlement agreement between the parties. Because National Elevator will not have the opportunity to renew its request before the stipulations are evaluated, its previously submitted brief will be considered *sua sponte*.

　　　　The Southern District of New York recently described the role a court plays when presented with a stipulation for entry of judgment in circumstances like these.

> Society greatly benefits when lawsuits are amicably resolved, and, for that reason, an ordinary civil settlement that includes dismissal of the underlying action is close to unreviewable. When, however, as in the case of a typical consent judgment, a federal

1

agency such as the S.E.C. seeks to prospectively invoke the Court's own contempt power by having the Court impose injunctive prohibitions against the defendant, the resolution has aspects of a judicial decree and the Court is therefore obliged to review the proposal a little more closely, to ascertain whether it is within the bounds of fairness, reasonableness, and adequacy-and, in certain circumstances, whether it serves the public interest. But even then, the review is highly deferential.

*Securities and Exchange Commission v. Bank of America Corporation*, __ F.Supp.2d.__, 2009 WL 2916822 (S.D.N.Y.) (citations omitted).

The *Bank of* America court went on to reject the settlement pending before it largely because it called for the corporate defendant to pay a $33 million dollar fine to the SEC.  Thus, the court concluded, the agreement failed "to comport with the most elementary notions of justice and morality, in that it proposes that the shareholders who were the victims of the Bank's alleged misconduct now pay the penalty for that misconduct." *Id.*

Here, the settlement suffers from no similar defect—the only fine is to be paid by the individual defendant, not from the pockets of the shareholders.  *Amicus* National Elevator nonetheless argues that in this case, as in *Bank of America*, the SEC has failed to pursue the primary culprits in the alleged wrongdoing, VeriFone's CEO and CFO.  National Elevator argues that those individuals realized over $100 million in profits from insider trading during the alleged fraud, but are not being held to account.   It may very well be that as a practical matter this settlement will end the SEC's investigation of the matter, but it is difficult to see how the contention that *other* persons should be penalized or required to disgorge purportedly ill-gotten gains renders this settlement unfair or unreasonable.  National Elevator is not suggesting that *VeriFone* should have been required to pay any fine at all, and even though it characterizes Periolat's fine as "miniscule," he is not the one who National Elevator claims profited so handsomely from the alleged fraud.

In essence, National Elevator is asking the Court to reject the settlement for the purposes of sending a message to the SEC that it should be exercising its enforcement authority in a different manner than it has chosen.  The *Bank of America* court acted to prevent the shareholders from being victimized a second time.  Where no similar concern is presented, it is beyond the purview of the Court to second-guess the enforcement decisions of the SEC in a setting like this.   Bearing in mind

the considerable deference that must be given to the parties' consensual resolution of this matter and the strong public policy favoring such resolutions, the stipulated judgments will be entered.

IT IS SO ORDERED.

Dated: November 12, 2009

                                    RICHARD SEEBORG
                                    UNITED STATES MAGISTRATE JUDGE