*E-Filed 11/12/09*

MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT L. MITCHELL (Cal. Bar No. 161394)
    mitchellr@sec.gov
CATHERINE D. WHITING (Cal. Bar No. 190436)
    whitingc@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California 94104
Telephone: 415-705-2500
Facsimile: 415-705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        v.<br><br>VERIFONE HOLDINGS, INC. and PAUL PERIOLAT,<br><br>                    Defendants. | CASE NO.:  CV 09 4046 RS<br><br>**STIPULATION RE FINAL JUDGMENT AGAINST DEFENDANT VERIFONE HOLDINGS, INC.** |

1    Plaintiff Securities and Exchange Commission ("Commission") and Defendant VeriFone

2    Holdings, Inc. ("Defendant") through their respective attorneys of record, hereby stipulate and

3    ask that the Court enter as its order the [Proposed] Final Judgment against Defendant, a copy of

4    which is attached as Exhibit 1 and may also be found as Docket No. 4 in this matter.

5

6    Dated: November 10, 2009              Respectfully submitted,

7

8

9                                         CATHERINE D. WHITING
                                          Attorney for Plaintiff
10                                        SECURITIES AND EXCHANGE COMMISSION

11

12

13   Dated: November 10, 2009             Respectfully submitted,

14

15

16                                        ROBERT A SACKS
                                          Attorney for Defendant
17                                        VERIFONE HOLDINGS, INC.

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1   MARC J. FAGEL (Cal. Bar No. 154425)
2   MICHAEL S. DICKE (BAR NO. 158187)
        dickem@sec.gov
3   SHEILA O'CALLAGHAN (Cal. Bar. No. 131032)
        ocallaghans@sec.gov
4   CATHERINE D. WHITING (Cal. Bar. No. 190436)
        whitingc@sec.gov
5
    Attorneys for Plaintiff
6   SECURITIES AND EXCHANGE COMMISSION
    44 Montgomery Street, 26th Floor
7   San Francisco, California 94104
    Telephone: 415-705-2500
8   Facsimile: 415-705-2501

9

10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

15   SECURITIES AND EXCHANGE                )   CASE NO.: CV 09 4046 RS
16   COMMISSION,                            )
                                            )
17             Plaintiff,                   )
                                            )
18        v.                                )
                                            )   [PROPOSED] FINAL JUDGMENT
19   VERIFONE HOLDINGS, INC. and PAUL       )   AGAINST DEFENDANT
     PERIOLAT,                              )   VERIFONE HOLDINGS, INC.
20                                          )
               Defendants.                  )
21   _____)

22        Plaintiff Securities and Exchange Commission ("Commission") has filed a Complaint for

23   Permanent Injunction and Other Relief ("Complaint") in this action and Defendant VeriFone

24   Holdings, Inc. ("VeriFone") has entered a general appearance and has submitted the Consent of

25   VeriFone Holdings, Inc. to entry of Final Judgment of Permanent Injunction and Other Relief

26   ("Consent"). In the Consent, VeriFone waived service of the Summons and the Complaint,

27   admitted the jurisdiction of this Court over it and over the subject matter of this action, admitted

28   that it was fully advised and informed of the right to a judicial determination of this matter,

waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of

Civil Procedure, consented to the entry of this Final Judgment, without admitting or denying any

of the allegations in the Complaint except as set forth in the Consent, and waived notice of

hearing upon the entry of this Final Judgment. The Court, being fully advised, orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that VeriFone and its

agents, servants, employees and attorneys-in-fact, and all persons in active concert or

participation with any of them, who receive actual notice of this Final Judgment, by personal

service or otherwise, and each of them, are permanently enjoined and restrained from violating

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11 and 13a-13

promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-11 and 240.13a-13] by failing to file

periodic reports in conformity with the Commission's integrated reporting and disclosure

regulations, Regulations S-K and S-X, or by failing to include such further material information,

if any, as may be necessary to make the required statements, in the light of the circumstances

under which they are made, not misleading.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that VeriFone and its

agents, servants, employees and attorneys-in-fact, and all persons in active concert or

participation with any of them, who receive actual notice of this Final Judgment, by personal

service or otherwise, and each of them, are permanently enjoined and restrained from violating

Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make or keep

books, records or accounts, which, in reasonable detail, accurately and fairly reflect the

transactions and dispositions of the assets of the issuer.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that VeriFone and its

agents, servants, employees and attorneys-in-fact, and all persons in active concert or

participation with any of them, who receive actual notice of this Final Judgment, by personal

1   service or otherwise, and each of them, are permanently enjoined and restrained from violating

2   Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and

3   maintain a system of internal accounting controls sufficient to provide reasonable assurances

4   that:

5              A.      transactions are executed in accordance with management's general or

6   specific authorization;

7              B.      transactions are recorded as necessary (i) to permit preparation of financial

8   statements in conformity with generally accepted accounting principles or any other criteria

9   applicable to such statements, and (ii) to maintain accountability for assets;

10             C.      access to assets is permitted only in accordance with management's

11   general or specific authorization; and

12             D.      the recorded accountability for assets is compared with the existing assets

13   at reasonable intervals and appropriate action is taken with respect to any differences.

14                                              IV.

15        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

16   incorporated herein with the same force and effect as if fully set forth herein, and that VeriFone

17   shall comply with all of the undertakings and agreements set forth therein.

18                                              V.

19        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

20   jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

2                                          VI.

3          There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

4   Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

5

6   Dated  November 12      , 2009

7                                        ~~UNITED STATES DISTRICT JUDGE~~

8                                          RICHARD SEEBORG
                                           United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -4-        [PROPOSED] FINAL JUDGMENT OF VERIFONE
                                                                    HOLDINGS, INC.