1  MARC J. FAGEL (Cal. Bar No. 154425)
2  ROBERT L. MITCHELL (Cal. Bar No. 161394)
      mitchellr@sec.gov                                    *E-Filed 11/12/09*
3  CATHERINE D. WHITING (Cal. Bar No. 190436)
      whitingc@sec.gov
4
   Attorneys for Plaintiff
5  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, 26th Floor
6  San Francisco, California  94104
   Telephone:  415-705-2500
7  Facsimile:  415-705-2501

8

9

10                   UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13

14  SECURITIES AND EXCHANGE              )  CASE NO.:  CV 09 4046 RS
15  COMMISSION,                          )
                                         )
16            Plaintiff,                 )
                                         )
17       v.                              )
                                         )  STIPULATION RE FINAL
18  VERIFONE HOLDINGS, INC. and PAUL     )  JUDGMENT AGAINST
    PERIOLAT,                            )  DEFENDANT PAUL PERIOLAT
19                                       )
              Defendants.                )
20  _____  )

21

22

23

24

25

26

27

28

CASE No. CV 09 4046 RS                          STIPULATION RE FINAL JUDGMENT
                                                   AGAINST PAUL PERIOLAT

1    Plaintiff Securities and Exchange Commission ("Commission") and Defendant Paul

2   Periolat ("Defendant") through their respective attorneys of record, hereby stipulate and ask that

3   the Court enter as its order the [Proposed] Final Judgment against Defendant, a copy of which is

4   attached as Exhibit 1 and may also be found as Docket No. 2 in this matter.

5

6   Dated: November 10 , 2009                    Respectfully submitted,

7

8

9                                               CATHERINE D. WHITING
                                                Attorney for Plaintiff
10                                              SECURITIES AND EXCHANGE COMMISSION

11

12

13   Dated: November 10, 2009                   Respectfully submitted,

14

15

16                                              PATRICK ROBBINS
                                                Attorney for Defendant
17                                              PAUL PERIOLAT

18

19

20

21

22

23

24

25

26

27

28

CASE NO. CV 09 4046 RS                    -2-            STIPULATION RE FINAL JUDGMENT
                                                               AGAINST PAUL PERIOAT

# EXHIBIT 1

1    MARC J. FAGEL (Cal. Bar No. 154425)
2    MICHAEL S. DICKE (Cal. Bar No. 158187)
        dickem@sec.gov
3    SHEILA O'CALLAGHAN (Cal. Bar. No. 131032)
        ocallaghans@sec.gov
4    CATHERINE D. WHITING (Cal. Bar No. 190436)
        whitingc@sec.gov
5
     Attorneys for Plaintiff
6    SECURITIES AND EXCHANGE COMMISSION
     44 Montgomery Street, 26th Floor
7    San Francisco, California 94104
     Telephone: 415-705-2500
8    Facsimile: 415-705-2501

9

10

11                      UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

15   SECURITIES AND EXCHANGE              )    CASE NO.: CV 09 4046 RS
16   COMMISSION,                          )
                                          )
17            Plaintiff,                   )
                                          )
18       v.                               )
                                          )    [PROPOSED] FINAL JUDGMENT
19   VERIFONE HOLDINGS, INC. and PAUL     )    AGAINST DEFENDANT PAUL
     PERIOLAT,                            )    PERIOLAT
20                                        )
              Defendants.                  )
21   _____)

22       Plaintiff Securities and Exchange Commission ("Commission") has filed a Complaint for

23   Permanent Injunction and Other Relief ("Complaint") in this action and Defendant Paul Periolat

24   ("Defendant") has entered a general appearance and has submitted the Consent of Paul Periolat

25   to entry of Final Judgment of Permanent Injunction and Other Relief ("Consent"). In the

26   Consent, Defendant waived service of the Summons and the Complaint, admitted the jurisdiction

27   of this Court over him and over the subject matter of this action, admitted that he was fully

28   advised and informed of the right to a judicial determination of this matter, waived findings of

                                                        [PROPOSED] FINAL JUDGMENT OF PAUL
                                                                                  PERIOLAT

1  fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure,

2  consented to the entry of this Final Judgment, without admitting or denying any of the

3  allegations in the Complaint except as set forth in the Consent, and waived notice of hearing

4  upon the entry of this Final Judgment. The Court, being fully advised, orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and his

agents, servants, employees and attorneys-in-fact, and all persons in active concert or

participation with any of them, who receive actual notice of this Final Judgment, by personal

service or otherwise, and each of them, are permanently enjoined and restrained from violating

Section 17(a)(2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §

77q(a)(2) and (3)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or

indirectly, to engage in any transaction, practice or course of business which operates or would

operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and his

agents, servants, employees and attorneys-in-fact, and all persons in active concert or

participation with any of them, who receive actual notice of this Final Judgment, by personal

service or otherwise, and each of them, are permanently enjoined and restrained from violating

Section 13(b)(5) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C.

§ 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. 240.13b2-1] by knowingly circumventing

or failing to implement a system of internal accounting controls of any issue which has a class of

securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or any

company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15

U.S.C. § 78o] or by directly or indirectly falsifying or causing to be falsified any books and

records of such company.

[PROPOSED] FINAL JUDGMENT OF PAUL
                                              PERIOLAT

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-11 and 240.13a-13] by failing to file periodic reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X, or by failing to include such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and his agents, servants, employees and attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting violations of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by causing any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] to fail to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by causing any issuer

[PROPOSED] FINAL JUDGMENT OF PAUL PERIOLAT

1  which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C.

2  § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] to fail to devise and maintain a

3  system of internal accounting controls sufficient to provide reasonable assurances that

4        A.    transactions are executed in accordance with management's general or specific

5  authorization;

6        B.    transactions are recorded as necessary (i) to permit preparation of financial

7  statements in conformity with generally accepted accounting principles or any other criteria

8  applicable to such statements, and (ii) to maintain accountability for assets;

9        C.    access to assets is permitted only in accordance with management's general or

10  specific authorization; and

11        D.    the recorded accountability for assets is compared with the existing assets at

12  reasonable intervals and appropriate action is taken with respect to any differences.

13                VI.

14        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

15  civil penalty in the amount of $25,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C.

16  § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall make

17  this payment within ten (10) business days after entry of this Final Judgment by certified check,

18  bank cashier's check, or United States postal money order payable to the Securities and

19  Exchange Commission. The payment shall be delivered or mailed to the Office of Financial

20  Management, Securities and Exchange Commission, Operations Center, 6432 General Green

21  Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

22  identifying Paul Periolat as a defendant in this action; setting forth the title and civil action

23  number of this action and the name of this Court; and specifying that payment is made pursuant

24  to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts

25  pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this

26  paragraph to the United States Treasury.

27

28

-4-

[PROPOSED] FINAL JUDGMENT OF PAUL
PERIOLAT

1

## VII.

2      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

3 incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

4 shall comply with all of the undertakings and agreements set forth therein.

5

## VIII.

6      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

7 jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

8

## IX.

9      There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

10 Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

11

12

November 12

Dated _____, 2009

13                                   ~~UNITED STATES DISTRICT JUDGE~~

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -5-        ~~[PROPOSED]~~ FINAL JUDGMENT OF PAUL PERIOLAT